UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20028-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

SYDNEY CESAIRE-VALERY,

       Defendant.
_____/

## AMENDED ORDER DENYING PETITION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

**THIS CAUSE** is before the Court on Defendant Sydney Cesaire-Valery's Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Based on the Sentencing Commission's Amendment 3 of 2010 [DE 52]. The Court has considered the petition, the Government's response [DE 54], Mr. Cesaire-Valery's Reply [DE 56],[1] and is otherwise advised in the premises.

Mr. Cesaire-Valery seeks a retroactive reduction of his sentence based on Amendment 740 and Application Note 8 as applied to § 2L1.2 of the United States Sentencing Guidelines. The note allows the sentencing court discretion to consider a downward departure for cultural assimilation. Since a reduction of sentence would not be consistent with the policy statements of U.S.S.G. § 1B1.10, such a sentence reduction must be denied under 18 U.S.C. § 3582(c)(2). Section 1B1.10(c) does not

---

[1] Mr. Cesaire-Valery's Reply was due June 16, 2011. On June 21, 2011, when no Reply was received, the Court entered its Order Denying Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [DE 55]. Thereafter, on June 24, 2011, the Court received Mr. Cesaire-Valery's Reply. Though the Reply arrived after the deadline, it was dated June 16, 2011. Therefore, because Mr. Cesaire-Valery is a *pro se* petitioner who is currently incarcerated, the Court amends its Order to include consideration of the Reply.

include Amendment 740.  Therefore, any defendant sentenced under U.S.S.G. § 2L1.2 was not entitled to retroactive application of that amendment under § 3582.  As the Government stated, "[t]he plain language of §1B.10 and the cases which have addressed the retroactive application of Amendment 740, make pla[i]n that Amendment 740 (including Application Note 8) is not covered by subsection (c) of §1B1.10; and, therefore, a reduction or departure based on this amendment would not be consistent with §1B1.10 or §3582."  DE 54 at 5.

Even assuming arguendo that the amendment applied retroactively, the Court would still deny the motion as the Court finds that the evidence does not support Mr. Cesaire-Valery's claim of cultural assimilation.  In addition, Mr. Cesaire-Valery's criminal history would militate against a downward departure or variance.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3528(c)(2), Based on the Sentencing Commission's Amendment 3 of 2010 [DE 52] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of June, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via regular mail

Sydney Cesaire-Valery, *pro se*
Reg. No. 81733-004
CI McRae, Correctional Institution
P.O. Drawer 30
McRae, GA 31055